IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINE K. HYDE, ) | |
| ) | |
| Petitioner, ) | Case No. CV 04-568-S-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Kristine K. Hyde's Petition seeking review of the final decision of Respondent denying her claim for Title II Social Security disability benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Kristine K. Hyde ("Petitioner" or "Claimant") protectively filed for disability benefits under Title II of the Social Security Act on November 23, 2001. (AR 19, 96). Petitioner alleged disability beginning May 23, 2001, as a result of lower back problems, carpal tunnel syndrome, tendonitis, and pain in her right knee. (AR 20, 72, 101). Petitioner's application was denied initially and again after reconsideration. Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). ALJ Robin L. Henrie held a hearing on May 5, 2003 at

MEMORANDUM DECISION AND ORDER - 1

which time Petitioner, represented by counsel, appeared and testified.  James Grissom, a vocational expert, also testified.  On October 29, 2003, the ALJ issued a decision denying Petitioner's claim because he found that Petitioner could perform a significant number of jobs available in the national economy.  (AR 26).

Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals Council denied Petitioner's request on September 15, 2004, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Petitioner timely filed this instant action.  Petitioner argues that the Commissioner erred in concluding she was not entitled to disability benefits under the Social Security Act.  She requests that the ALJ's decision be reversed or, in the alternative, this matter be remanded in order to allow the ALJ an opportunity to further evaluate the evidence.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was forty-seven years old with a high school education and some vocational training.  (AR 65, 107).  She worked as an electronic technician from 1986 through 2001.  (AR 88).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish entitlement to disability benefits.  *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920 (1997).  The second part of that process involves a finding

MEMORANDUM DECISION AND ORDER - 2

regarding whether or not the claimant has a "severe impairment." 20 C.F.R. § 416.905(a). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The standard on review is whether the decision of the Commissioner is supported by substantial evidence and is based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981). In other words, if there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. and Welfare,* 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusion of the ALJ. *Richardson,* 402 U.S. at 401. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th

Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial in nature and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Smith*, 820 F.2d at 1095 (citations omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## IV.

## SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920 (1997).

MEMORANDUM DECISION AND ORDER - 4

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ found that Petitioner has not engaged in substantial gainful activity since May 23, 2001. (AR 20).

The second step requires the ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ found that Petitioner's carpal tunnel syndrome, lower back, neck, and shoulder pain, and ulnar neuropathy are "severe" impairments based on the requirement of 20 C.F.R. § 404.1520(b). (AR 26).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). In this respect, the ALJ concluded that Petitioner's medically determinable impairments do not meet or medically equal one of the impairments in Appendix 1, Subpart P, Regulation No. 4, including 1.00 and 11.00. (AR 26).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In this respect, the ALJ concluded that Petitioner is unable to perform her past relevant work as an electronic technician. (AR 26).

In the fifth step, once it has been established that Petitioner can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that Petitioner retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). The ALJ

MEMORANDUM DECISION AND ORDER - 5

concluded that, although Petitioner's limitations do not allow her to perform the full range of light or sedentary work, there are a significant number of jobs in the national economy that she could perform. (AR 26).

## V.

## ANALYSIS

Despite the ALJ's finding that Petitioner's allegations "regarding her impairments are credible," (AR 24, 26), the ALJ determined that Petitioner is not disabled. (AR 26). Petitioner objects to this determination and alleges that the ALJ erred by (1) failing to consider all of Petitioner's limitations when assessing her residual functional capacity ("RFC"), and (2) improperly relying on the vocational expert's ("VE") testimony. *Petitioner's Brief in Support of Petition for Review*, p. 19 (Docket No. 11).

**A.     Petitioner's Residual Functional Capacity**

Petitioner first argues that the ALJ's assessment of her RFC does not incorporate all of her limitations as established by the record. *Id.* at p. 14.

   **1.     Legal Standard**

An RFC explains the most a claimant can do despite her physical, mental, non-exertional, and other limitations. 20 C.F.R. § 404.1545. In the fifth and final step of the evaluation of disability claims, the Commissioner must consider "whether, in light of her RFC, age, education, and work experience, [the claimant] has the capacity to perform other work." *Bowen v. City of New York*, 476 U.S. 467, 471 (1986).

In determining Petitioner's RFC, the ALJ must consider whether the aggregate of Petitioner's mental and physical impairments prevent her from performing available work. 20 C.F.R. § 404.1523; *Light v. Social Sec. Admin.*, 119 F.3d 789, 792–93 (9th Cir. 1997). In

MEMORANDUM DECISION AND ORDER - 6

making that determination, the ALJ may elicit testimony from a VE, but "the hypothetical [posed to the VE] must consider all of the claimant's limitations." *Light*, 119 F.3d at 792–93 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1994) (internal quotation marks omitted)). The ALJ must consider the Petitioner's description of her limitations, including limitations that result from symptoms, such as pain. 20 C.F.R. § 404.1545(a)(3). Although the ALJ need not include all claimed impairments in his hypothetical, he must make specific findings explaining his reason for not including those limitations in the hypothetical. *Light*, 119 F.3d at 793.

      **2.**      **Analysis**

In this case, the ALJ considered Petitioner's medical records and testimony in determining that Petitioner had a RFC for sedentary to light work. (AR 23, 26). Specifically, the ALJ found that Petitioner could lift ten pounds; stand or walk thirty to forty-five minutes at a time; and sit thirty to forty-five minutes at a time, up to five to six hours in an eight hour work day, with a sit/stand option every twenty to thirty minutes. (AR 24). She could only occasionally reach, handle, and finger. *Id*. She could not bend, stoop, squat, do work on the floor, climb more than a few stairs, or do repetitive activities with her upper right arm and shoulder, such as vacuuming and raking. *Id*. Petitioner needed the option to use splints or braces on her hands. *Id*.

Petitioner argues that the ALJ failed to consider, or erroneously evaluated, testimony regarding the following three limitations: (1) her inability to walk for forty-five minutes at time for a total of five to six hours in an eight-hour day; (2) her need to rest up to two hours a day to relieve pain; and (3) her depression.

The record contains testimony and medical records that support these limitations. Regarding her inability to walk, although Dr. Hill reported that Petitioner is "able to walk forty-

MEMORANDUM DECISION AND ORDER - 7

five minutes on a good day," (AR 187), he also noted that Petitioner's limp would cause problems with walking. (AR 189). Petitioner confirmed that she could walk forty-five minutes on a good day; however, she also stated that a "majority of the time" she could only walk for five to ten minutes due to hip pain. (AR 319–20).

Regarding Petitioner's need to lie down for up to two hours a day to relieve pain, including neck pain, Petitioner testified that she needed to lie down between half an hour and two hours a day. (AR 314, 320–321). She testified that at least once or twice a week she needed to lay down for two hours to relieve pain. (AR 321). Petitioner testified that when she does not lay down her pain increases, she gets overly tired and irritable, and has a difficult time remaining comfortable. *Id.*

Although Petitioner's claimed limitations in her ability to walk and her need to lay down are supported by the evidence, the ALJ did not include these limitations in the RFC or the hypothetical posed to the VE. The ALJ was not required to include all of Petitioner's limitations in the RFC, but must explain the reason for disbelieving the limitations or failing to include them. *Light*, 119 F.3d at 793. Because the ALJ did not explain why Petitioner's limited ability to walk and her need to lie down were not included in Petitioner's RFC, this case should be remanded to the Commissioner for a determination of those limitations.

As to Petitioner's depression, however, the ALJ specifically considered the opinion of Dr. Corgiat, a state reviewing physician, as support for finding that Petitioner's depression would not be a barrier to her reasonable functional ability. (AR 23). Dr. Corgiat found Petitioner's symptoms were not severe and did not warrant a diagnosis of a major depressive disorder. (AR 180). Further, nothing in Dr. Corgiat's report indicates how Petitioner's depressive symptoms would increase her limitations. (AR 184). Indeed, he noted that with "minimal medical

MEMORANDUM DECISION AND ORDER - 8

treatment and *return to work*, it is likely [Petitioner's depression] would not be a barrier" to "reasonable functional ability."  *Id*.  For these reasons, the ALJ concluded Petitioner's depression was not a significant barrier to her reentering the work force.  (AR 23).  Accordingly, the Court concludes that the ALJ's decision to omit Petitioner's depression from her RFC is supported by specific reasons and, thus, not in error.

B.      **Improper Reliance on VE's Testimony**

Hypothetical questions posed by the ALJ must set out all the limitations and restrictions of the particular claimant.  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  "Unless the record indicates that the ALJ had specific and legitimate reasons for disbelieving [Petitioner's] testimony as to subjective limitations, such as pain, those limitations must be included in the hypothetical in order for the VE's testimony to have any evidentiary value."  *Id.* at 423.

In the instant action, the ALJ did not explain his reasons for not including certain limitations in the hypothetical.  As a result, the VE's testimony, based on the hypothetical, has no evidentiary value, and the ALJ improperly relied on that testimony.  On this basis, reversal is required.  In order to provide some additional guidance, the court will address Petitioner's other objections to the ALJ's reliance on the VE's testimony.

C.      **Discrepancies Between Findings on RFC and DOT Listing**

Although Petitioner argues that the ALJ improperly relied on VE testimony that contradicts information in the Dictionary of Occupational Titles ("DOT") without persuasive evidence to support the deviation, the record reveals that the ALJ rejected the VE's testimony and instead relied solely on the DOT.

MEMORANDUM DECISION AND ORDER - 9

1.      **Standard**

In determining whether appropriate jobs exist for the claimant, the ALJ should take notice of information in the DOT. 20 C.F.R. § 404.1566; *see also Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). Deviations from the DOT must (1) be supported by either specific findings of fact regarding the claimant's RFC or expert testimony and (2) the record must contain persuasive evidence to support the deviation. *Light*, 119 F.3d at 793.

2.      **Analysis**

At step five, the ALJ found that Petitioner's limitations allowed her to perform a significant number of jobs in the national economy, including house-sitter, information clerk, food and beverage clerk, and parking lot attendant. (AR 26). The DOT defines these jobs as involving frequent reaching, handling, or lifting of more than ten pounds. However, the ALJ's RFC assessment states that Petitioner can not frequently reach, handle, or lift more than ten pounds. (AR 23). The VE accounted for these job requirements by reducing the number of available jobs to exclude those requiring frequent reaching, handling, or lifting of more than ten pounds. (AR 324–27).

Despite the VE's testimony that the considered jobs would have to be reduced to accommodate the hypothetical, the ALJ did not adjust the number of available jobs. (AR 25). Instead, the ALJ noted the opposite, that the "vocational expert [found] that these jobs are consistent with their descriptions in the Dictionary of Occupational Titles and no adjustments are required." *Id*. Although an ALJ may rely on expert testimony that contradicts the DOT where the record contains persuasive evidence to support the deviation, the record here contains no such evidence. In short, there is no support in the record for the ALJ's finding that, despite

MEMORANDUM DECISION AND ORDER - 10

Petitioner's limitations, she could perform these jobs in the numbers the ALJ found, without adjustment.

Because the DOT listings for the above jobs are inconsistent with Petitioner's RFC, and the Commissioner has offered no explanation why the limitations listed in the DOT do not apply in this case, the ALJ's finding that Petitioner can perform these jobs is not supported by sufficient evidence.

**D.      Whether Remand or Award of Benefits is the Appropriate Remedy**

The final issue is whether to remand this case for further proceedings or to reverse and remand for an award of benefits. Whether to remand a case for further proceedings depends on the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). Petitioner requests reversal and an award of benefits.

Petitioner argues the ALJ's finding that Petitioner is credible requires a conclusion that Petitioner was disabled because her need to lay down for up to two hours on most days precludes her from employment, as testified by the VE. *Petitioner's Brief in Support of Review*, p. 9 (Docket No. 11). The Court disagrees. Although the vocational expert testified that someone who was inconsistent on the job due to frequent and prolonged breaks would not be tolerated in any employment, (AR 328), Petitioner's testimony about needing to lay down for up to two hours a day does not mean that Petitioner had to lay down during the work day. Petitioner could lay down before or after work or during regular breaks in the work schedule. In fact, Petitioner testified that having a daybed in the break room where she could lay down on breaks and at lunch would help. (AR 320).

Accordingly, the Court concludes that it is appropriate to remand this case to the Commissioner for a determination of Petitioner's credibility on her inability to walk due to hip

MEMORANDUM DECISION AND ORDER - 11

pain and her need to lay down, and whether these limitations, if credible, would prevent Petitioner from performing a significant number of jobs in the national economy.  Because insufficient, uncontradicted evidence exists in the record to remand for an award of benefits, the Court finds the case must be reversed and remanded to the Commissioner for further consideration.

## VI.

## CONCLUSION

For the reasons set forth above, the Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is not supported by substantial evidence.  Accordingly, the decision of the Commissioner is reversed and remanded for further consideration.

## VII.

## ORDER

Based on the foregoing, the Petition for Review, (Docket No. 1), is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is REVERSED and this matter is REMANDED for further consideration of Petitioner's credibility on her inability to walk due to hip pain and her need to lay down, and whether these limitations, if credible, would prevent Petitioner from performing a significant number of jobs in the national economy.



DATED: **March 13, 2006**.

Larry M. Boyle
United States District Court